### 13606. DANIEL *v.* FITZPATRICK COMPANY.

STEPHENS, J. 1. This being an issue formed upon a traverse by the plaintiff to an answer of the garnishee, and it appearing from the evidence that certain personal property belonging to the defendant, or the proceeds of its sale, was caught by the process of garnishment in the hands of the garnishee, but the garnishee claimed that the property had been deposited with him for the purpose of being applied by him upon an alleged indebtedness due him by the defendant, evidenced by an alleged chattel mortgage from the defendant to the garnishee covering other property, and it further appearing from the evidence that there were certain entries of credits upon the back of the mortgage, evidencing payments by receipt of certain items of the mortgaged property in certain amounts aggregating an excess of the amount of the indebtedness due under the mortgage, there was an issue of fact for the jury as to whether or not the defendant's alleged indebtedness to the garnishee had been paid, and therefore an issue as to whether or not the garnishee

had any right, title, or interest, or right of possession in or to the first mentioned property claimed to have been deposited with him to be applied upon the defendant's indebtedness to him. The fact of such entries of credits in amounts exceeding the amount of the mortgage is sufficient to authorize an inference by the jury that the indebtedness represented by the mortgage had been paid, and evidence to the effect that such entries were as a matter of fact entered for values far in excess of the value of the property indicated in the entries and for less than the indebtedness represented in the mortgage, when taken in connection with the entries themselves, is not sufficient to demand a finding that the garnishee had not been paid in full. The verdict rendered for the plaintiff in favor of the traverse was therefore authorized.

2. The contention of the garnishee being that the property in his hands, which the jury found was the property of the defendant, was not the property of the defendant, but belonged to the garnishee by virtue of having been delivered to him in payment of the defendant's debt to the garnishee, there was no issue as to the priority of liens between the garnishee and the plaintiff. The court therefore did not err, as contended by the garnishee, in failing to charge that the plaintiff's right to recover was dependent upon a lien or claim of higher dignity than that held by the garnishee.

3. The garnishee's right to defeat the subjection of the property to the garnishment proceedings being dependent, not upon the fact of having foreclosed his alleged mortgage against the defendant but upon the fact of the nonpayment to the garnishee by the defendant of such indebtedness, and a bona fide appropriation by the garnishee of the proceeds of the property deposited with him to an existing indebtedness against the defendant, the exclusion of the foreclosure proceedings against the defendant was harmless to the garnishee.

4. The judgment against the defendant in behalf of the plaintiff having been admitted in evidence, it was harmless to the garnishee to exclude from evidence the plaintiff's petition upon which the judgment was based.

5. No error of law appears, and the evidence supports the verdict for the plaintiff. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*
DECIDED FEBRUARY 23, 1923.

Garnishment; from city court of Madison — Judge Lambert. April 11, 1922.

*E. W. Butler,* for plaintiff in error. *M. C. Few,* contra.